UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L.L. BEERS LLC and SEA KING
KANVAS & SHADE INC,

      Plaintiffs,

v.                                               Case No. 2:20-cv-431-FtM-38NPM

SCOTTSDALE INSURANCE
COMPANY

      Defendant.

## ORDER

On August 13, 2020, the Court held a preliminary pretrial conference. At the conference, the parties jointly requested that the Court enter a Rule 502(d) order. In addition, the parties requested a claw back provision that the Court incorporates here. As set forth below, the oral motion is granted.

1. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

2. The disclosure of privileged or work-product protected documents, electronically stored information ("ESI") or Information, whether inadvertent or

otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected Information before production.

4. In the event that a document protected by the attorney client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. Any electronic copies will be deleted promptly. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter. This "claw back" provision will also apply to any non-parties who produce documents and electronically stored information in response to third-party discovery.

Accordingly, it is hereby **ORDERED**:

The Oral Joint Motion for Entry of a 502(d) Order (Doc. 18) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 19, 2020.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE